**Howard B. LYLES, Jr., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 1080–68.**

United States District Court
District of Columbia.
May 27, 1969.

Maurice A. Guervitz, Washington, D. C., for plaintiff.

Charles M. Merkel, Dept. of Justice, Washington, D. C., for defendant.

### OPINION

HOLTZOFF, District Judge.

This is an action for the refund of a manufacturer's or importer's excise tax paid on an imported foreign automobile. The stipulated facts are essentially as follows. The plaintiff is an individual who desired to purchase a foreign car of the make known as Volkswagen and entered into a transaction for that purchase with a dealer in foreign cars located in Arlington, Virginia, and known as "Arlington Cars". Instead of buying the car from Arlington Cars, however, the transaction took the form of a purchase from a dealer in Holland, who sold the car to the plaintiff and consigned it to him. Payment was made by the plaintiff to the foreign dealer.

Section 4218(a) of Title 26, U.S.Code imposes a tax on any person who manufactures, produces or imports an automobile. The Internal Revenue Service ruled that the plaintiff was subject to the tax imposed by that section. Plaintiff claims that it is unreasonable to apply the section to him, because his importation of a single car was for his personal use and, therefore, must be deemed an incidental importation and not subject to the excise tax.

If the plaintiff's contention were sustained, then any person who desired to buy a foreign car in this country could avoid the payment of the excise tax by following the device adopted by the plaintiff, apparently at the suggestion of the local dealer. A loophole for the evasion of the tax would be wide open.

The Court finds no basis for disagreeing with the construction of the statute by the Internal Revenue Service and is unable to perceive any basis for avoiding the tax in this instance. Someone has to pay the importer's tax, either the dealer here or the ultimate purchaser. The ultimate purchaser purported to buy not from the dealer here but from the dealer in Europe. He must pay the tax.

Judgment for the defendant.

A transcript of the Court's ruling will constitute findings of fact and conclusions of law.